# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| Wilson | Civil Action 09-0380 |
| versus | Judge Tucker L. Melançon |
| Hartford Life Insurance Co., et al | Magistrate Judge Methvin |

## MEMORANDUM RULING

Before the Court is Wachovia Securities, LLC's ("Wachovia") Consent Motion And Incorporated Memorandum To Stay Proceedings Pending Arbitration [Rec. Doc. 13], Opposition Of Hartford Life Insurance Company ("Hartford") To "Consent" Motion To Stay Proceedings Pending Arbitration [Rec. Doc. 18] and Wacovia's Reply Memorandum [Rec. Doc. 22]. Plaintiff, Christy O. Wilson, individually and in her capacity as trustee on behalf of Jack B. Wilson Marital Deduction Trust, does not oppose the motion.

The record indicates that on August 26, 1998, plaintiff's husband, Jack Wilson, deceased, purchased annuity contracts from Hartford naming The Benton Wilson Trust and The Megan Wilson Trust as the primary beneficiaries ("Hartford Annuities").[1] *R. 13-2, Exhs. 1 & 2.* On April 19, 2000, Jack Wilson opened an account with Prudential Securities Incorporated, n/k/a Wachovia, ("Wachovia") and signed a Joint Account Agreement, an Opening Cash Agreement, and a Command Account Agreement (collectively "Jack Wilson's Account Agreements"). *R. 13, Exhs. C, D & E.* Plaintiff also opened an account with Wachovia on June 17, 2003 and signed a Joint Account Agreement and an Opening Cash Agreement (collectively, "Plaintiff's Account Agreements"). *R. 13, Exhs. A & B.*

---

[1] Plaintiff, individually and as Trustee of the Jack B. Wilson Marital Deduction Trust, was placed into possession of the Hartford Annuities by Judgment of Possession on September 14, 2007.

Plaintiff filed the case at bar on January 16, 2009 against defendants Hartford and Wachovia alleging that Hartford failed to timely pay death benefits owed on annuity contracts purchased by Jack Wilson from Hartford in 1998 ("the Hartford Contracts"), *R. 1-2, ¶ 24*, and that Wachovia, as financial agent for the Jack B. Wilson Marital Deduction Trust, knew or should have known about the payment provisions in the Hartford contracts, and thus, owed a duty to plaintiff to ensure the payment provisions were followed. *Id. at ¶ 26.*

Plaintiff's Account Agreements as well as Jack Wilson's Account Agreements contain provisions in which both plaintiff, Jack Wilson and Wachovia agreed that "all controversies which may arise between us concerning any transaction or the construction, performance, or breach of this or any other agreement between us, whether entered into prior, on or subsequent to the date hereof, shall be determined by arbitration." *R. 13,* Exhs. A; B at ¶ 17; C; D at ¶ 11; E at ¶ 16. The provisions further state that the Agreements are binding on "heirs, executors, representatives, attorneys-in-fact, administrators and assigns." *Id.* There are no such arbitration provisions in the Hartford Annuities. *Id.* at Exhs. 1 & 2.

In its Consent Motion, Wachovia requests that the Court stay the proceedings in this case until arbitration is completed. A motion to stay under § 3 of the Federal Arbitration Act ("FAA") requests the court to refrain from further action in a suit pending arbitration and requires the court to determine: (1) whether there is a written agreement to arbitrate between the parties; and then (2) whether any of the issues raised are within the reach of that agreement. *Midwest Mechanical Contractors, Inc. v. Commonwealth Constr. Co.*, 801 F.2d 748, 750 (5th Cir. 1986). Interpreting § 3 of the FAA, the Fifth Circuit declared:

> Section 3 provides for a stay of legal proceedings whenever the issues in a case are within the reach of an arbitration agreement. This provision is mandatory: if the issues in a case are within the reach of the agreement, the district court has no

discretion under § 3 to deny the stay.

*Folse v. Richard Wolf Medical Instruments Corp.*, 56 F.3d 603, 606 (5th Cir. 1995) (quoting *In re Complaint of Hornbeck Offshore (1984) Corp.*, 981 F.2d 752, 754 (5th Cir. 1993)).

Plaintiff alleges that Hartford failed to timely pay death benefits purportedly owed on the Hartford Annuities purchased by Jack Wilson from Hartford in 1998, and that Wachovia owed her a duty to ensure the payment provisions were followed. There is no dispute that plaintiff's claim that Wachovia breached its duty as a financial agent to plaintiff arises out of and concerns written transactions and agreements between Wachovia and plaintiff. Nor does plaintiff dispute that the arbitration clauses are valid and binding. Accordingly, plaintiff's claims asserted against Wachovia must proceed to arbitration and will be stayed.

Hartford contends that this action against Hartford should not be stayed because Wachovia has not shown that plaintiff's claims against Hartford can not proceed without adversely affecting the right to arbitration. Arbitration is favored in the law. *Grigson v. Creative Artists Agency L.L.C.*, 210 F.3d 524, 526 (5th Cir. 2000). The question of whether a party can be compelled to arbitrate, as well as the question of what issues a party can be compelled to arbitrate, is an issue for the court rather than the arbitrator to decide. *Pennzoil* at 1067. In order to be subject to arbitral jurisdiction, a party must generally be a signatory to a contract containing an arbitration clause. *Bridas S.A.P.I.C. v. Government of Turkmenistan*, 345 F.3d 347, 354 (5th Cir. 2003). The Fifth Circuit has permitted the stay of non-signatory defendants' claims: "(1) if the issues to be litigated in district court would render the arbitration redundant and meaningless, or (2) the issues to be litigated in district court are identical to those submitted to arbitration, harming the signatory parties' right to arbitrate." *Harvey v. Joyce*, 199 F.3d 790, 795-96 (5th Cir. 2000); *Subway v. Equipment Leasing Corp. v. Forte*, 169 F.3d 324,

329 (5th Cir. 1999).

In *Sam Reisfeld & Son Import Co. v. S.A. Eteco*, 530 F.2d 679, 681 (5th Cir.1976), the Fifth Circuit used an intertwined-claims rationale for staying judicial proceedings against two defendants, with links to a third, pending arbitration with plaintiff. Unlike the third defendant, the other two were not signatories to the arbitration agreement with plaintiff. The court held that the district court had "discretion" to stay the judicial proceedings as to all three defendants, even though two were not parties to the arbitration agreement: "[t]he charges against these two defendants were based on the same operative facts and were inherently inseparable from the claims against" third-defendant, a signatory to the agreement. *Id*.

Here, plaintiff's claims arise solely out of the issue of payment of the Hartford Annuities' death benefits. The determination of whether or not Hartford owes death benefits to plaintiff will directly affect whether or not plaintiff has a claim against Wachovia. Therefore, as the issues against Hartford are based on the same operative facts and are inherently inseparable from the claims against Wachovia, separate actions would render the arbitration redundant and meaningless and the federal policy in favor of arbitration effectively thwarted. *Id*. Accordingly, the Court will grant Wachovia's motion to stay the entire proceeding pending arbitration.

The Court notes the anomaly in the law that will result in more time, use of limited judicial resources, attorney time, and thus, attorneys fees and costs, by its ruling based on long-standing and well established Fifth Circuit jurisprudence. In light of the additional time, energy and costs likely to be incurred, Hartford might want to consider if it would not be in the best interests of its shareholders to submit the case voluntarily to binding arbitration. The Court is keenly aware that there may be some strategic advantage to Hartford's shareholders, not apparent to the Court at this junction, by proceeding to resolve the issues between the parties consistent with this ruling. However, the Court will request that Hartford notify the Court whether or not it will submit to voluntary binding arbitration within twenty (20) days of the date of this ruling and order.